UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOHN LAWRENCE,<br><br>    Plaintiff,<br><br>v.<br><br>FRANK STRADA and SHAWN PHILLIPS,<br><br>    Defendants. | Case No. 3:24-cv-01279<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

**MEMORANDUM ORDER**

Pro se and incarcerated Plaintiff John Lawrence initiated this action on October 25, 2024, by filing a complaint alleging violations of his civil rights under 42 U.S.C. § 1983. (Doc. No. 1.) Lawrence brought claims on behalf of himself and "a class of prisoners within [TDOC who are held in a status] know[n] as protective custody." (*Id.*) Lawrence named as defendants the Tennessee Department of Correction (TDOC), TDOC Commissioner Frank Strada, and Morgan County Correction Complex (MCCX) Warden Shawn Phillips. (*Id.*)

Three motions are pending: Lawrence's third motion to amend his complaint (Doc. No. 23), Lawrence's motion to dismiss the action (Doc. No. 25), and Lawrence's motion to stop the dismissal of the action and continue the litigation (Doc. No. 28). For the reasons that follow, the Court will deny Lawrence's motion to amend without prejudice to refiling in compliance with the Court's Local Rule 15.01, terminate Lawrence's motion to dismiss, and grant Lawrence's motion to stop the dismissal of the action and continue litigation.

**I.    Relevant Background**

The Court conducted an initial screening of Lawrence's complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). (Doc. No. 22.) The Court found Lawrence alleged he was held

in protective custody at MCCX because of a risk to his safety caused by other inmates who are part of a security threat group. (*Id.*) Lawrence alleged that Strada and TDOC wardens attempt to dissuade inmates from seeking placement in protective custody by "denying such inmates the ability to order personal property packages," which is a departure from policies applied to other people in TDOC custody. (*Id.*) Lawrence alleges that this practice "subjects protective custody inmates to the same level of restriction as that imposed on inmates in disciplinary segregation, but without the due process which disciplined inmates receive." (*Id.*) He further alleges that the practice "keeps inmates in protective custody from ordering items they might need to do legal work, to facilitate religious practice, to send correspondence, and to provide for comfort and entertainment, all while they are effectively kept in solitary confinement in order to ensure their safety." (*Id.*) Specifically, Lawrence alleges that he has not been able to order supplies needed to practice his Islamic faith. (*Id.*) Lawrence also challenges a policy under which TDOC inmates may no longer receive books from organizations that provide them to prisoners without charge. (*Id.*)

The Court first found that Lawrence could not represent other prisoners' interests and, thus, addressed only his individual claims, "focus[ing] on the Complaint's claims under the First Amendment." (*Id.*) The Court found that Lawrence had sufficiently alleged that he was subject to "a restriction on [his] ability to practice his Muslim faith, in violation of his First Amendment free exercise rights" and that he had alleged a "First Amendment claim that TDOC inmates can no longer order or receive books from organizations that supply them to prison inmates free of charge." (*Id.*) The Court dismissed Lawrence's claims against TDOC, recognizing that it is "generally immune from suit in federal court under the Eleventh Amendment," and allowed his claims against Strada and Phillips to proceed. (*Id.*) The Court also denied Lawrence's motions for injunctive relief. (*Id.*)

## II.     Motion to Amend (Doc. No. 23)

Lawrence has filed a "motion to modify complaint's cause of action section" in which he seeks to add a claim under the Religious Land Use Institutionalized Persons Act (RLUIPA) to his existing causes of action. (Doc. No. 23.)

This Court's Local Rule 15.01(b) requires that "[a]mended pleadings must restate the entirety of the pleading with amendments incorporated, rather than merely reciting the amended sections." M.D. Tenn. R. 15.01(b) (form of amended pleading). Local Rule 15.01(a)(1) requires that a motion to amend "include as an appended exhibit the signed proposed amended pleading." M.D. Tenn R. 15.01(a)(1) (supporting papers). Lawrence's motion includes only his argument in support of amending his complaint to include a RLUIPA claim. (Doc. No. 23.) Lawrence has not attached a proposed amended complaint or restated the entirety of his pleading with the RLUIPA claim incorporated.

Accordingly, Lawrence's motion to amend (Doc. No. 23) will be denied without prejudice to refiling a motion to amend that complies with the Local Rules and is accompanied by a complete proposed amended complaint. And the Court finds that filing an amended complaint is appropriate at this juncture. In its screening order (Doc. No. 22), the Court granted Lawrence's December 4, 2024 motion to amend the complaint (Doc. No. 17) and considered the additional factual allegations considered therein as part of his original pleading. To facilitate the progress of this action, the Court will order Lawrence to file a motion for leave to amend his complaint accompanied by a proposed amended complaint that includes all factual allegations and causes of action that he intends to assert in a single pleading. Lawrence shall not include any claims dismissed by the Court's screening order in his proposed amended complaint.

**III.     Motion to Dismiss (Doc. No. 25) and Motion to stop the Dismissal (Doc. No. 28)**

On January 2, 2025, the Court received Lawrence's motion to voluntarily dismiss this action. (Doc. No. 25.) Lawrence stated that he believed he would soon qualify to reclassify his security status and would no longer be subject to the challenged policies. (*Id.*) Accordingly, Lawrence stated that "voluntary dismissal at this time serves the public interest and is proper and just." (*Id.*) Before the Court ruled on Lawrence's motion to dismiss, Lawrence filed a motion to stop the voluntary dismissal. (Doc. No. 28.) In that motion, Lawrence stated that he "was mislead in [his] reasons for asking for" voluntary dismissal and asked the Court to "please stop the dismissal of the action and continue litigation." (*Id.*)

Federal Rule of Civil Procedure 41(a)(1) allows a plaintiff to dismiss his action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment[.]" Fed. R. Civ. P. 41(a)(1)(A)(i). The plaintiff's ability to dismiss under this provision is absolute, and a court lacks discretion to deny a qualifying notice of dismissal. *See D.C. Elecs., Inc. v. Narton Corp.*, 511 F.2d 294, 296 (6th Cir. 1975). Here, however, Lawrence asks to withdraw his motion to dismiss. No defendant had yet appeared when Lawrence filed his motions. Phillips has now entered an appearance (Doc. No. 29) and has not opposed Lawrence's motion to continue the litigation.

Accordingly, the Court will grant Lawrence's motion to continue litigation (Doc. No. 28) and terminate his motion to dismiss (Doc. No. 25).

**IV.     Conclusion**

For the reasons stated herein, the Court ORDERS as follows:

Lawrence's motion to amend (Doc. No. 23) is DENIED WITHOUT PREJUDICE to filing a motion for leave to amend that complies with Local Rule 15.01.

Lawrence is ORDERED to file a motion for leave to amend his complaint and a proposed amended complaint that includes all factual allegations and causes of action that he intends to pursue in this action by October 17, 2025. Lawrence shall not include any claim dismissed by the Court's screening order.

Lawrence's motion to stop the dismissal of this action and continue litigation (Doc. No. 28) is GRANTED. Lawrence's motion to dismiss his action (Doc. No. 23) is TERMINATED.

Lawrence is notified that failure to comply with this Order may result in a recommendation that his claims be dismissed for failure to prosecute the action.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge