| | |
|---|---|
| JOHN LAWRENCE, | |
| Plaintiff, | |
| v. | Case No. 3:24-cv-01279 |
| FRANK STRADA et al., | Judge Aleta A. Trauger<br>Magistrate Judge Luke A. Evans |
| Defendants. | |

To:     The Honorable Aleta A. Trauger, District Judge

**REPORT AND RECOMMENDATION**

Pro se plaintiff John Lawrence (Lawrence) filed a complaint alleging violations of civil rights under 42 U.S.C. § 1983. (Doc. No. 1.) After his complaint survived initial screening, Lawrence filed a motion to amend that did not include a proposed amended complaint as required under Local Rule 15.01. (Doc. No. 23.) By memorandum order on September 17, 2025, the Court denied the motion to amend but without prejudice to refiling a motion for leave to amend that complied with Local Rule 15.01. (Doc. No. 30.) The Court ordered Lawrence to file the motion for leave to amend by October 17, 2025 and warned him "that failure to comply with this Order may result in a recommendation that his claims be dismissed for failure to prosecute the action." (*Id.* at 5.) Since the memorandum order issued, Lawrence has not filed a motion for leave to amend or taken any other actions in this case. Lawrence's inaction has prompted defendant Shawn Phillips to file a motion to dismiss with prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with the Court's order. (Doc. No. 31.)

Whether the Court should dismiss Lawrence's case for failure to prosecute depends on "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was

prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted). Not every factor needs to be present, *see Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 740 (6th Cir. 2008), and a clear record of delay can support dismissal. *See Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980) (citations omitted). Rule 41(b) operates in tandem with the Court's inherent power to manage its caseload and to dismiss a case for failure to prosecute as part of its caseload management. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (citations omitted).

Here, the *Knoll* factors generally weigh in favor of dismissal but without prejudice. The Court gave Lawrence a deadline by which to file a motion for leave to amend and gave Lawrence an explicit warning that failure to comply could lead to dismissal. *Cf. Hatcher v. Dennis*, No. 117CV01042JDBEGB, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018) ("A party's failure to respond in the face of a warning by the court that such failure could result in dismissal of a complaint tips the scale in favor of dismissal on the first factor."). Lawrence has established a clear record of delay by not following the Court's deadline and by not taking any other actions in the case.  Prior notice is "a key consideration" when contemplating dismissal for failure to prosecute. *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998). The first and third *Knoll* factors thus are present. As for the second *Knoll* factor, one defendant has not yet been served, and the moving defendant has suffered only minor prejudice from "waiting on and wondering about [his] defense of an aging lawsuit," *Catlett v. Avis Budget Grp.*, No. 3:23-CV-408-BJB, 2025 WL 51947, at *1 (W.D. Ky. Jan. 8, 2025); *see also Schafer*, 529 F.3d 731, 739 (prejudice results from defendants wasting "time, money, and effort in pursuit of cooperation") (internal quotation marks

2

and citation omitted). Finally, the fourth *Knoll* factor mitigates against dismissal with prejudice. Lawrence has failed to comply with clear instructions from the Court. *Cf. Coldon v. Dotson*, No. 1:21-CV-096-RLJ-SKL, 2021 WL 3701341, at *1 (E.D. Tenn. Aug. 19, 2021) (fourth *Knoll* factor supporting dismissal where "Plaintiff is proceeding *in forma pauperis* herein and has failed to comply with the Court's clear instructions"). Dismissal without prejudice here, though, would be a better balance of the Court's interest in docket management with the public policy interest in disposition of cases on their merits.[1] *Fitcheard v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:22-CV-638, 2022 WL 16984490, at *3 (M.D. Tenn. Nov. 16, 2022) (citations omitted), *report and recommendation adopted*, No. 3:22-CV-638, 2022 WL 17420376 (M.D. Tenn. Dec. 5, 2022).

For the foregoing reasons, the Court respectfully recommends GRANTING IN PART the pending motion to dismiss (Doc. No. 31) and dismissing this case without prejudice.

---

[1] Because Lawrence alleged ongoing violations of First Amendment rights, dismissal without prejudice will not raise any concerns about expired limitations periods effectively making the dismissal with prejudice. *See Bowles v. City of Cleveland*, 129 F. App'x 239, 243 (6th Cir. 2005) (unpublished opinion), *cited in Thompson v. Cheatham Cnty. Jail*, No. 3:18-CV-00227, 2019 WL 6887180, at *5 n.3 (M.D. Tenn. Oct. 15, 2019), *report and recommendation adopted*, No. 3:18-CV-00227, 2019 WL 6873913 (M.D. Tenn. Dec. 17, 2019).

3

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 23rd day of March, 2026.

LUKE A. EVANS
United States Magistrate Judge